# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-40300
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRUZ ANGEL MUNIZ-HERRERA,
also known as Cruz Angel Muniz,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(B-97-CR-458-1)

February 19, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cruz Angel Muniz-Herrera appeals his guilty plea conviction and sentence

for illegal reentry following deportation in violation of 8 U.S.C. § 1326. On

appeal he contends that the district court erred in enhancing his offense level by

16 levels under the aggravated felony provision of section 2L1.2(b)(1)(A) of the

Sentencing Guidelines. His contention is that the definition of aggravated felony

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as used in said section is unconstitutionally vague. Specifically, he maintains that his prior state court conviction for possession of marihuana should not be construed as a drug-trafficking offense constituting an aggravated felony within the meaning of section 2L1.2.

Muniz raises this issue for the first time on appeal and we therefore review only for plain error.[1] To demonstrate plain error Muniz most show a clear or obvious error affecting substantial rights. If this is done, we reserve the discretion to correct such an error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.[2]

As we previously have noted, a criminal statute is void for vagueness under the due process clause if it fails to provide a person of ordinary intelligence with fair notice of the proscribed conduct.[3] The due process constitutional guaranty does not, however, "mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall."[4] Our review of the record, relevant statutes, and guidelines persuades that Muniz has not demonstrated trial court error in sentencing, plain or otherwise.

---

[1] **United States v. Spires**, 79 F.3d 464 (5th Cir. 1996); **United States v. Knowles**, 29 F.3d 947 (5th Cir. 1994).

[2] **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc).

[3] **United States v. Nevers**, 7 F.3d 59 (5th Cir. 1993); **United States v.s Giles**, 640 F.2d 621 (5th Cir. 1981).

[4] **United States v. Pearson**, 910 F.2d 221, 223 (5th Cir. 1990); **United States v. Brito**, 136 F.3d 397 (5th Cir.), <u>cert</u>. <u>denied</u>, 118 S.Ct. 2389 (1998).

In addition, Muniz contends that his guilty plea conviction should be reversed because the record does not affirmatively show that he personally, knowingly, and voluntarily waived his constitutional rights. This contention is based on the fact that he and several other defendants simultaneously entered guilty pleas to violations of section 1326. Muniz does not contend that his guilty plea was involuntary or that he did not understand that by pleading guilty he was waiving certain constitutional rights. He has not identified any harmful error.[5] There is no basis for the reversal he seeks.

The conviction and sentence appealed are AFFIRMED.

---

[5] Fed.R.Crim.P. 11(h), 52(a); **United States v. Johnson**, 1 F.3d 296 (5th Cir. 1993) (en banc).